Clarence STUDAWAY,
Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.

No. 86–1044.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 9, 1987.

Decided April 8, 1987.

---

William M. Crawforth, argued, Detroit, Mich., for plaintiff-appellant.

Geneva S. Halliday, argued, Asst. U.S. Atty., Detroit, Mich., for defendant-appellee.

Before MARTIN, WELLFORD and NELSON, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

The district court denied Clarence Studaway's motion for summary judgment and affirmed the Secretary's denial of Social Security disability benefits. 622 F.Supp. 1044. Studaway contends that the denial of benefits was not supported by substantial evidence. He also argues that it was error to hold that even though he was no longer capable of performing his particular job, he was capable of doing the same type of work and thus was not disabled. We find that there is substantial evidence in the record to support the denial of benefits and that it was not error to find that Studaway was not disabled because he could still perform the same type of work. We accordingly affirm the district court.

Studaway is a fifty-eight year old male with an eighth grade education. He was employed in a custodial position that sometimes required the lifting of forty to fifty pounds. In October of 1983 he was admitted to a hospital for alcohol addiction and subsequently underwent surgery on his bladder. He has not worked since the operation and his employer has placed him on disability retirement.

Studaway filed an application for Social Security disability benefits in January of 1984. At a Social Security hearing before an administrative law judge, Studaway claimed to suffer from leg and back pain, seizures and high blood pressure. He asserted that because of these maladies, he is incapable of standing for more than forty minutes and has a limited ability to lift. He also claimed that he cannot drive because of seizures and that the medication he takes for high blood pressure and pain makes him drowsy.

Studaway's treating physician reported a number of physical problems and concluded that Studaway was totally and permanently disabled. A consulting physician found only a non-severe impairment, and observed that Studaway's blood pressure was "not well controlled." The administrative law judge noted that the treating physician did not report a condition that would produce Studaway's complained of back and leg problems. The administrative law judge also observed that the only evidence in the medical record of seizures related to those caused by detoxification withdrawal.

On the basis of the treating and consulting physicians' tests and testimony, the administrative law judge found that Studaway has severe high blood pressure, but that his condition did not rise to the level of impairments meriting disability benefits. The administrative law judge determined that Studaway has a residual capacity for light work. He noted that although Studaway's particular job as a custodian involved some heavy lifting, custodial work can be performed at a light level. The administrative law judge then concluded that Studaway's impairments do not prevent his doing his past work, and that he was thus not disabled under the Social Security Act. This ruling was adopted as the Secretary's final decision. On appeal the District Court for the Eastern District of Michigan affirmed the denial of benefits.

The definition of disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

An individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of

■

substantial gainful work which exists in the national economy....

42 U.S.C. § 423(d)(2)(A).

We must affirm the Secretary's decision if it is based on this legal standard and is supported by substantial evidence in the record as a whole. *See Shaw v. Schweiker,* 730 F.2d 462 (6th Cir.1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

■ A review of the record reveals that there is substantial evidence to support the decision of the administrative law judge. He examined the treating physician's findings and conclusions, but pointed out that none of the described ailments explained Studaway's asserted leg or back problems. He also found a lack of medical evidence to corroborate Studaway's complaint of seizures. Relying on the consulting physician's examination, he did find evidence of high blood pressure and concluded that Studaway "is restricted to no more than light levels of exertion."

Studaway contends on the issue of light exertion that the administrative law judge misconstrued the Act in determining that the relevant inquiry was not whether Studaway could perform his past job, but whether he could perform his past type of work. He argues that because his past custodial job required a medium level of exertion and he is limited to a light level, the administrative law judge should have found him disabled. But Studaway's argument rests on the incorrect assumption that his burden is to show merely an inability to return to his old job as a janitor. "[T]his view rests on too narrow a construction of the standard of eligibility for benefits." *Jock v. Harris,* 651 F.2d 133, 135 (2d Cir. 1981). Rather, the Act requires that he show that his impairments are so severe that he is "unable to do his previous work...." 42 U.S.C. § 423(d)(2)(A). He must prove "an inability to return to his

former *type* of work and not just to his former job." *Villa v. Heckler,* 797 F.2d 794, 798 (9th Cir.1986) (emphasis original). *See also Gray v. Heckler,* 760 F.2d 369, 372 (1st Cir.1985); *De Loatche v. Heckler,* 715 F.2d 148, 151 (4th Cir.1983); *Jock,* 651 F.2d at 135.

■ The administrative law judge relied on a vocational expert's testimony in finding that custodial positions existed at a level which Studaway was capable of performing. The vocational expert had testified that custodial work can vary from heavy to light, depending on the amount of lifting, and that 3,000 custodial jobs of a light exertional level existed in Studaway's area. Because the relevant inquiry is whether Studaway could return to his past type of work rather than his past job, we are compelled to affirm.

The judgment of the district court is affirmed.