863 F.2d 883
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester E. HARVEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-3083.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1988.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and RICHARD ENSLEN, District Judge.*
 PER CURIAM.
 
 
 1
 This is a social security disability case involving subjective claims of disabling pain. An administrative law judge found that the claims were not well supported by the objective medical evidence and that the claimant could return to his past relevant work as a truck driver. The Appeals Council denied review. A United States Magistrate found that the agency's decision was supported by substantial evidence. We agree.
 
 
 2
 * Claimant Chester Harvey is a 64-year old man with a high school education. He worked as a fireman from 1951 to 1963 and as an over-the-road tractor-trailer truck driver for Interstate Motor Freight from 1963 to 1984.
 
 
 3
 In 1980 Mr. Harvey was injured when his truck was hit from behind by another vehicle. While waiting in a police car at the scene of the accident he was injured again when another car collided with the police car. Since those accidents, Mr. Harvey has complained of pains in his back, neck, shoulder, and arm, as well as numbness in his right hand. X-rays taken in 1980 were negative, and no surgery was performed. Doctors prescribed various drugs for Mr. Harvey's pain, and he returned to his job as a truck driver.
 
 
 4
 In January of 1982 a company doctor at Interstate Motor Freight recommended that Mr. Harvey no longer work as an over-the-road driver because of the drugs he was taking for his pain. The company was willing to place Mr. Harvey in a job that would not require over-the-road driving, but his union opposed letting him do any other work. After two years of fighting with the union, Harvey gave up and "retired" from Interstate Motor Freight.
 
 
 5
 Medical evidence from this period shows reduced neck flexion, degenerative disc disease, and arthritis of the lower spine. Mr. Harvey's family doctor estimated that the range of cervical motion was reduced by 40 percent, while the range of lumbar motion was reduced by 65 percent. He noted that the grip in Mr. Harvey's right hand was somewhat reduced and that his lifting ability was also reduced. Mr. Harvey's gait was characterized as normal. Other medical evidence from the years 1982-85 is consistent with these findings.
 
 
 6
 Mr. Harvey's regular activities include such chores as sweeping and washing dishes, mowing the lawn on a riding mower, and driving short distances in his pickup truck to do grocery shopping and other errands. He has no difficulty sitting in a comfortable chair or walking short distances, though standing is painful. He does 45 minutes of exercise three days a week. A physical capacity evaluation conducted in May of 1986 indicated that Mr. Harvey could sit for four hours and stand or walk for two hours in an eight-hour day and that he could lift up to 20 pounds.
 
 
 7
 Mr. Harvey applied for social security benefits on August 7, 1985. The application was denied, as was a request for reconsideration. A hearing was held before Administrative Law Judge Anthony V. Leanza on May 15, 1986. On July 29, 1986, the ALJ issued a decision finding that Mr. Harvey's subjective claims of pain were not supported by the objective medical evidence and that the claimant was able to perform his past relevant work. The Appeals Council denied review, allowing the ALJ's decision to become the final decision of the Secretary.
 
 
 8
 Mr. Harvey filed a complaint in the United States District Court for the Northern District of Ohio. By consent of the parties, the matter was heard by Magistrate James G. Carr. Cross-motions for summary judgment were filed. On December 1, 1987, the magistrate denied Mr. Harvey's motion and granted the Secretary's. This appeal followed.
 
 II
 
 9
 Mr. Harvey argues that the ALJ must accept the doctors' opinions on the issue of total disability. It is well settled, however, that a claimant's doctor's opinion as to the claimant's ability to engage in substantial work activity is a legal conclusion that is not binding on the government. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 855 (6th Cir.1986).
 
 
 10
 Mr. Harvey does not meet or equal any of the listed medical impairments in the governing regulations. The critical question, then, is whether he is able to perform his past relevant work as a truck driver. Mr. Harvey drove a tractor-trailer for long distances, e.g., from Toledo to St. Louis, working several days at a time. He testified that during the period between the accidents and the end of his work as a driver, his pains were significantly exacerbated by the constant bouncing and jarring of the truck. Given the undisputed medical evidence concerning Mr. Harvey's degenerative disc disease, numbness in his right hand, arthritis, and pains in his back, neck, shoulder, and arm, we do not think there is substantial evidence in the record to support a finding that Harvey could now engage in such long-distance, over-the-road tractor-trailer truck driving.
 
 
 11
 The concept of "past relevant work experience" is broader than this, however. We recently held that a claimant must prove he is disabled from returning "to his previous type of work and not just to his former job." Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (1987) (emphasis in original). Mr. Harvey was concededly willing to try an alternate position at Interstate Motor Freight, doing such work as driving a truck around the freight yard. His ability to function in his everyday life, to drive his pickup truck around town, to mow his lawn and so forth, suggest that he would be physically capable of performing such work if it did not involve heavy lifting. Only his union's opposition to his doing any work other than long-distance driving stood in the way of his accepting a less demanding job, and his disability was obviously political, not physical.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Richard Enslen, United States District Judge for the Western District of Michigan, sitting by designation