947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles BOLLMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3397.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 1
 Before KEITH and DAVID A. NELSON, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Charles Bollman appeals a judgment affirming the Secretary's denial of his application for social security disability benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument pursuant to Rule 9(d), Rules of the Sixth Circuit.
 
 
 3
 Bollman alleged that he became disabled on October 9, 1987, due to arthritis in his knees and palsy in a nerve to his eye. An administrative law judge (ALJ) denied Bollman's claim because he determined that Bollman could still perform his past work. The ALJ's opinion became the final decision of the Secretary on September 25, 1989, when the appeals council denied further review.
 
 
 4
 Bollman filed a timely complaint in federal district court, and his case was referred to a magistrate judge. On April 1, 1991, the district court adopted the magistrate judge's report and entered a judgment for the Secretary. It is from this judgment that Bollman now appeals.
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (citations omitted).
 
 
 7
 While the ALJ found that Bollman had "severe impairments as result of essential hypertension, non insulin dependent diabetes mellitus and intra-articular loose bodies and probable degenerative changes in his right knee," he also found that this condition did not meet or equal any of the impairments listed in 20 C.F.R. 404, Part 1, Subpart P, App. 1. The ALJ also found that Bollman was not disabled because he could still perform his past work as an auto parts counterman.
 
 
 8
 Bollman's testimony indicates that he could perform most of the requirements of his work as a counterman, but that he could not carry parts while using two canes. However, Bollman's treating physician indicated that he could walk without ambulatory aids and that his gait was normal. Moreover, a consulting physician noted only minimal degenerative changes and indicated that Bollman could walk with only one cane. Bollman testified that he had worked as a counterman for over a year while using a single cane. Thus, there was substantial evidence to support the Secretary's finding that Bollman could perform his past work. See Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 9
 Bollman also argues that the ALJ failed to consider the combined effect of his impairments. However, the record shows that the ALJ considered Bollman's complaints of dizziness, hypertension, and diabetes as well as the problem with his knee. The ALJ relied on Bollman's testimony which indicated that his problem with double vision had been resolved. He also noted that a number of blood pressure readings were elevated and limited Bollman to medium level work. Finally, the ALJ correctly noted that Bollman was not insulin dependent and that there was no evidence in the record of end organ damage due to his diabetes. The fact that the ALJ considered these impairments in combination is evidenced by the express language of his opinion. See Loy v. Secretary of Health and Human Services, 901 F.2d 1306, 1310 (6th Cir.1990) (per curiam).
 
 
 10
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation