947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ivory O. MILLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1325.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 Ivory O. Miller appeals the district court's decision affirming the Secretary's decision denying Miller's claim for disability benefits. The sole issue in this case is whether the Secretary's decision is supported by substantial evidence. For the following reasons, we affirm.
 
 
 2
 From 1966 until 1980, Miller worked as a computer operator for General Motors. Miller left General Motors in 1980, allegedly because of back pain related to his job. Miller filed his current application for Social Security disability benefits on March 29, 1988. Miller alleges that he became disabled on February 15, 1984, because of back pain and nerve damage.
 
 
 3
 The Secretary denied his application initially and upon reconsideration, and Miller requested an administrative hearing. After holding a hearing, an administrative law judge found that (1) Miller's testimony regarding his pain and limitations was inconsistent with the objective medical evidence and not fully credible; (2) Miller had the capacity to perform work-related activities not involving heavy lifting, strenuous activity, prolonged standing or walking, or repetitive bending, stooping, or crawling; and (3) Miller's past work as a computer operator, as it is customarily performed in the national economy, did not require him to perform work-related activities precluded by the above limitations. The administrative law judge also found that if Miller needed a job with a sit/stand option, thousands of jobs existed in the regional economy. On the basis of these findings, the administrative law judge concluded that Miller was not disabled from February 15, 1984, until June 30, 1987. This decision became the final decision of the Secretary when the Appeals Council affirmed the administrative law judge's decision. Miller filed a complaint in district court seeking review of the Secretary's decision. The district court affirmed the Secretary's decision holding that substantial evidence supported the decision.
 
 
 4
 This court's review of the Secretary's decision is limited to determining whether the Secretary applied the appropriate legal standard and whether his findings are supported by substantial evidence in the record as a whole. Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987); see 42 U.S.C. § 405(g) (stating that the Secretary's finding as to any fact is conclusive if supported by substantial evidence). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 5
 Specifically, in reviewing a claim of disabling pain, we must first determine whether there is objective medical evidence of an underlying medical condition. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). If there is, we must determine (1) whether there is objective medical evidence that confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain. Id.
 
 
 6
 The objective medical evidence in the record demonstrates that Miller suffers from a severe back condition, however, there is no objective medical evidence to confirm the severity of the alleged pain arising from the back condition. The record as a whole demonstrates that Miller suffered minimal back pain during the alleged disability period, and he possessed a good range of back motion.
 
 
 7
 Contrary to Miller's assertion, the Secretary gave appropriate weight to his treating physician's medical opinions. The medical opinion of a treating physician is entitled to substantial deference, and, if the opinion is uncontradicted, complete deference. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985); King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). This is true, however, only if the physician's opinion is based upon sufficient medical data. Shavers v. Secretary of Health and Human Services, 839 F.2d 232, 235 n. 1 (6th Cir.1987). Since the ultimate determination of disability rests with the Secretary and not with a treating physician, the Secretary is not bound by a treating physician's conclusory statements. Duncan, 801 F.2d at 855. In this case, the doctor's conclusion that Miller was disabled was not supported by the medical evidence or the doctor's own observations. This case is distinguishable from King. In King, the court held that a claimant was disabled because there was uncontroverted evidence on the issue of disabling pain. King, 742 F.2d at 974-75. Here, the doctor's own notes refute Miller and the doctor's assertions of disabling pain.
 
 
 8
 Furthermore, Miller's objectively determined medical condition is not so severe that it could reasonably be expected to produce disabling pain. The x-rays taken during the relevant period demonstrate either a solid or excellent spinal fusion at L4-5, with some disc space narrowing at L5-S1. This is sufficient evidence for a reasonable person to conclude that Miller's condition could not reasonably be expected to produce disabling pain.
 
 
 9
 Finally, the evidence establishes that despite his back condition Miller is capable of engaging in substantial gainful employment. See 42 U.S.C. § 423(d)(1)(A). A vocational expert testified that Miller's past relevant work a computer operator, as it is customarily performed in the national economy is sedentary and did not exceed Miller's performance capabilities. The expert also testified that there were approximately 20,000 general office clerk jobs available in the regional economy for an individual with a residual functional capacity to lift 20 pounds or less or an individual requiring a sit/stand option. Thus, a substantial number of jobs existed that Miller could perform even with his back condition.
 
 
 10
 In sum, because substantial evidence supports the Secretary's decision denying Miller disability benefits, we affirm the decision of the district court.
 
 
 
 *
 Honorable Gerald Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation