968 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Orlando YOUNG, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3886.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1992.
 
 Before MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Orlando Young, a social security claimant represented by counsel, appeals a district court order affirming the Secretary's denial of his application for disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Young filed an application for disability insurance benefits on August 17, 1987, alleging a disability since December 30, 1986 due to a back injury. Young last met the disability insured status requirements for purposes of entitlement to disability insurance benefits on December 31, 1988.
 
 
 3
 An administrative law judge (ALJ) determined that Young was not disabled because he retained the residual functional capacity to perform his past relevant work as a stencil maker. The Appeals Council denied Young's request for review.
 
 
 4
 Young then sought judicial review of the Secretary's decision. The district court found that substantial evidence existed to support the Secretary's decision and granted summary judgment for the defendant.
 
 
 5
 Young has filed a timely appeal raising the same grounds for relief which he raised before the district court. He argues that the Secretary's decision is not supported by substantial evidence because: (1) the ALJ did not properly evaluate Young's complaints of pain; (2) the ALJ failed to consider the opinions of several doctors who opined that he was disabled; and (3) the ALJ erroneously failed to obtain the testimony of a vocational expert (VE) in determining that Young could do his past relevant work because of his significant nonexertional limitations. Both parties have waived oral argument.
 
 
 6
 Upon review, we conclude that the Secretary's decision denying Young benefits at the fourth step of the sequential evaluation under 20 C.F.R. § 404.1520(e) is not supported by substantial evidence. See Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 7
 The record contains insufficient vocational information regarding the nonexertional requirements of Young's past relevant work as a stencil maker. In addition, in view of Young's significant nonexertional limitations, VE testimony is needed to clarify the job duties and requirements of this work as actually performed by Young and as required by employers throughout the national economy. See Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 8
 Even though an ALJ is not bound by a treating physician's opinion, he must set forth in his decision the reason or basis for rejecting the opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987). The ALJ did not adequately address in his decision the opinions of numerous doctors who stated that Young is disabled. The Secretary should obtain additional medical expert (ME) testimony (from a psychiatrist or psychologist other than Dr. Steinberg) addressing these various opinions. The ALJ should reassess Young's residual functional capacity in light of the medical evidence submitted after his decision and the additional ME testimony. Testimony from a VE is necessary to determine whether Young's nonexertional limitations affect his ability to perform his past relevant work or other work which exists in significant numbers in the national economy.
 
 
 9
 Accordingly, we hereby vacate the district court's judgment and remand the case for further proceedings before the Secretary consistent with this order. Rule 9(b)(3), Rules of the Sixth Circuit.