968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy L. NEWTON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-6474.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Billy L. Newton appeals the Secretary's denial of his claim for disability benefits. Newton claims that the Secretary's decision was not supported by substantial evidence and that the Secretary erred by relying on the vocational expert's testimony. Specifically, Newton alleges that the vocational expert's testimony was flawed because the Secretary did not inform the vocational expert of Newton's subjective complaints of pain. For the following reasons, we affirm the district court's decision.
 
 
 2
 Newton began seeking treatment for back pain beginning in April 1987. Subsequently, Newton has been under the care of at least four physicians. In October 1987, Newton received a laminectomy for a herniated disc located at L4-5. During February 1989, Newton was diagnosed with probable chronic lumbar radiculopathy.
 
 
 3
 In May 1987, Newton filed an application for disability insurance benefits and Supplemental Social Security Income. The application was based on his allegedly disabling back pain. Newton's initial application, as well as his request for reconsideration, was denied. Newton then filed for a hearing before an administrative law judge, who also denied Newton's application. Newton appealed the decision to the Appeals Board, which remanded the case to a different administrative law judge for additional evidence regarding Newton's past work and physical impairments.
 
 
 4
 At the second hearing, the administrative law judge heard testimony from Newton, Newton's wife, and a friend who was a fellow worker. These three witnesses offered evidence in support of Newton's subjective complaints of disabling back pain. A vocational expert also testified, using a hypothetical posed by the administrative law judge based on Newton's condition. Using the hypothetical as a guideline, the expert testified about what jobs were available. The administrative law judge found that (1) Newton had the residual functional capacity to perform work that allowed for Newton to sit and stand at his option and that would not require lifting over 20 pounds, (2) several thousand jobs existed in the national and local economy that would satisfy Newton's physical limitations, and (3) Newton's subjective complaints of pain were not substantiated by objective medical evidence. The administrative law judge found Newton's subjective complaints of pain unpersuasive based on (1) the opinions of the treating and examining physicians, (2) Newton's limited use of medication, (3) the fact that Newton sought little treatment after his initial back surgery, and (4) the evidence concerning Newton's ability to participate in some daily activities. Based on these conclusions, the administrative law judge found that Newton was not disabled.
 
 
 5
 After the Appeals Council denied Newton's request for review of the decision, it became the final decision of the Secretary. Newton filed a complaint in district court seeking review of the Secretary's decision. The district court affirmed the Secretary's decision after holding that substantial evidence supported the Secretary's decision.
 
 
 6
 This court's review of the Secretary's decision is limited to determining whether the Secretary applied the appropriate legal standard and whether the Secretary's findings are supported by substantial evidence in the record as a whole. Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987); see also 42 U.S.C. § 405(g) (Secretary's finding as to any fact is conclusive if supported by substantial evidence). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
 
 
 7
 In reviewing a claim of disabling pain, we must first determine whether there is objective medical evidence of an underlying medical condition. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). If there is such evidence, we must determine (1) whether there is objective medical evidence that confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the allegedly disabling pain. Id.
 
 
 8
 The objective medical evidence in the record establishes that Newton suffers from degenerative disc disease, which is a condition that could cause pain. The record contains ample testimony from several physicians attesting to Newton's health over a three-year period. Some of the evidence supports the existence of pain, but some of the evidence also demonstrates that Newton's condition was improving after the laminectomy. The results of tests performed on Newton to determine dexterity and flexibility vary from treatment to treatment; however, none are of the nature to discredit the Secretary's determination.
 
 
 9
 The record as a whole supports the Secretary's determination. The administrative law judge, upon whom the Secretary relies for fact finding, need not respond in his decision to every item raised, but need only write to support the administrative law judge's decision. The objective medical evidence as a whole does not confirm the severity of pain as alleged by Newton. Substantial evidence exists in the record to support the Secretary's finding that Newton is not suffering from pain so severe that he could not perform light work. Dr. Gaw's testimony concerning Newton's post-operative recovery comprises some of the most convincing evidence. Dr. Gaw first treated Newton for his pain in 1987. Dr. Gaw performed a laminectomy on Newton and continued to treat Newton following the surgery. In April 1990, Dr. Gaw again examined Newton and determined that Newton could perform light work.
 
 
 10
 In January 1988, Dr. Gaw examined Newton and found that he was making good progress from the laminectomy, had good movement and was experiencing minimal pain. In April 1990, Dr. Gaw examined Newton and found that Newton had good reflexes, muscle strength, and tone. Dr. Gaw found that Newton could occasionally lift 20 pounds, frequently lift 10 pounds, and could stand or walk at least two hours in an eight-hour workday. Because the medical opinion of a treating physician is entitled to substantial deference, Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985), we believe that in reaching his final decision, the Secretary gave the medical testimony the substantial deference to which it was entitled. While the record contains evidence from other physicians that Newton was suffering from pain, the record does not support a conclusion that the pain was disabling. Further, we find that the objective medical evidence from the complete record is such that a reasonable mind could accept the evidence as adequate to support the conclusion that Newton is not disabled by back pain.
 
 
 11
 Moreover, the evidence establishes that despite his back condition, Newton is capable of engaging in substantial gainful employment. See 42 U.S.C. § 423(d)(1)(A). A vocational expert testified that there were numerous "light work" jobs available in the local and national economy that would satisfy Newton's physical limitations and that would correspond to Newton's age, education, and skill level. Newton alleges that the administrative law judge erred in questioning the vocational expert. Newton claims that because the administrative law judge did not include Newton's subjective complaints of pain in his hypothetical, the vocational expert's conclusion was fatally flawed, and, therefore, the administrative law judge's decision was not based on substantial evidence.
 
 
 12
 Newton's claim, however, is without merit. The administrative law judge found that the objective medical evidence supported a finding that Newton could not lift over 20 pounds and could perform only those tasks where he could both sit and stand at his option. It is clear that after hearing all of the testimony the administrative law judge did not believe that Newton's pain was disabling. When the administrative law judge posed the hypothetical to the vocational expert, the administrative law judge had already heard Newton's testimony concerning his subjective pain. Implicit in the administrative law judge's question to the vocational expert is the rejection of Newton's subjective claim of severe disabling pain. Accordingly, we find that there was no error in the posing of the hypothetical.
 
 
 13
 In conclusion, because we find that substantial evidence supports the Secretary's decision denying Newton disability benefits, we affirm the decision of the district court.