978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David R. HOLMES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-3073.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant, David R. Holmes ("Holmes") appeals from the December 20, 1991, judgment of Magistrate Judge James S. Gallas affirming the denial of Holmes' application for supplemental social security income benefits. In this action, Holmes sought judicial review of the Secretary of Health and Human Services ("Secretary") decision denying his application for entitlement to Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act 42 U.S.C. §§ 401-433, 1381-1383(c). For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 Holmes originally applied for SSI on January 12, 1989. He alleged that he had been disabled since November 1, 1983, from a back injury and from alcoholism.
 
 
 3
 Holmes' back problems resulted from an automobile accident that occured in 1978. Although there were no fractures, Holmes suffered from lower back pain for three months. Two years later, Holmes experienced recurring back pain. In October 1988, Holmes' physician discovered disc herniation, for which he received surgery.
 
 
 4
 In 1987, Holmes was diagnosed as a chronic alcoholic. He received treatment for his condition and became a member of Alcoholics Anonymous ("AA"). In addition, Holmes has received therapy to deal with marriage and family problems.
 
 
 5
 Holmes has performed a variety of jobs, including service station attendant, chemical mixer, and slaughterer of animals. He last worked in 1980, for a slaughterhouse.
 
 
 6
 At the January 19, 1990 hearing before the Administrative Law Judge ("ALJ"), Holmes testified that he has been unable to work since that time because of back pain. Holmes also testified that he can drive an automobile, stand 20 minutes, walk about a mile, lift 10 pounds, and feed, dress and bathe himself. He further indicated that he has stopped drinking, and regularly attends AA meetings.
 
 
 7
 At the hearing, a medical expert, Joel Steinberg, M.D., also testified. Dr. Steinberg concluded that neither Holmes' mental or physical impairments met the "Listings of Impairments." See 20 C.F.R. § 404.1520(d)(1991). A vocational expert, Barbara Burk, responded to interrogatories from the ALJ as to whether any jobs existed in significant numbers for an individual such as Holmes with like age, education, work experience, and physical and mental limitations. Ms. Burk concluded that there were low stress jobs for an individual with such limitations in the national economy.
 
 
 8
 Holmes' application for benefits was denied. He then went before the Administrative Law Judge (ALJ), who also denied his application. Holmes requested review by the Appeals Council, which denied his request for review. The ALJ's decision then became the final decision of the Secretary.
 
 
 9
 Holmes filed a complaint in the district court. The district court referred the case to a magistrate judge and the parties consented to the jurisdiction of the magistrate judge to render final judgment. The magistrate judge entered judgment for the Secretary on December 20, 1991. Holmes filed a timely notice of appeal on January 15, 1992.
 
 II.
 
 10
 Holmes asserts that the decision of the Secretary denying his request for benefits was not supported by substantial evidence. Holmes continues to claim on appeal that he is unable to work and is disabled as a result of back pain, alcoholism, and mental illness.
 
 
 11
 We review the Secretary's decision to determine whether it was supported by substantial evidence. Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir.1978). To evaluate a claim of disability, the reviewing body must determine whether the impairment prevents the claimant from engaging in substantial gainful activity. See e.g., Studaway v. Secretary of Health and Human Services, 815 F.2d 1074 (6th Cir.1987).
 
 
 12
 With regard to Holmes' back pain, under Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), any allegation of pain must be supported by clinical evidence. In evaluating subjective allegations of pain, the Duncan court articulated a two-prong analysis. First, a court must determine whether there is objective medical evidence of a medical condition. Second, if there is objective medical evidence, the court must then determine whether the evidence establishes the existence of the pain or the condition is of such a type such that it can reasonably be expected to lead to the pain alleged. Id. at 853.
 
 
 13
 The ALJ correctly found that Holmes met the first prong of the Duncan analysis by suffering from a recurrent herniated disc. The second prong, however, was not met. Objective evidence did not confirm his allegations of severe pain or establish a type of condition that can reasonably be expected to produce disabling pain.
 
 
 14
 We note that, because of Holmes' alcoholism and mental illness, the ALJ placed limitations on the type of work Holmes' could perform. The ALJ stated that Holmes could only perform light, low-stress work with limited interaction with others. This decision was in accordance with Dr. Steinberg's testimony, which acknowledged the existence of the mental impairments, but did not find them to be so extreme as to prevent Holmes from working at all. Furthermore, the interrogatories given to the vocational expert fully described Holmes' limitations, contrary to Holmes' allegations that they did not.
 
 
 15
 In light of the above facts, we hold that the Magistrate Judge's ruling was based upon substantial evidence. Therefore, we AFFIRM the decision of the Magistrate Judge.[1]
 
 
 
 [1]
 United States District Judge David D. Dowd, Jr. signed the Order of Reference on October 31, 1991