12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard GOETZ, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1095.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 E.D. Mich., No. 92-72477, Friedman, J.
 
 
 1
 E.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: MARTIN and RYAN, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 4
 Bernard Goetz appeals a district court judgment affirming the Secretary's denial of his application for social security disability insurance benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have expressly waived oral argument.
 
 
 5
 Goetz filed an application for social security disability insurance benefits in 1981. The application was subsequently denied by the Secretary on June 4, 1982. Goetz did not seek further judicial review of his application. Goetz then filed his current application for social security disability insurance benefits on May 9, 1988, because he suffered from arteriosclerotic heart disease. Following a hearing, an Administrative Law Judge (ALJ) determined that Goetz was not disabled because he had the residual functional capacity to perform his former type of work. The Appeals Council affirmed the ALJ's determination.
 
 
 6
 Goetz then filed a complaint seeking a review of the Secretary's decision. Upon de novo review of a magistrate judge's report, the district court held that substantial evidence existed to support the Secretary's decision and granted summary judgment for the Secretary. Goetz filed a timely appeal.
 
 
 7
 Because the ALJ chose not to reopen Goetz's prior application for benefits and because Goetz's insured status expired on December 31, 1987, this court's review is limited to determining whether substantial evidence exists to support the Secretary's decision that Goetz was not disabled after June 4, 1982, and before January 1, 1988. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 8
 The medical evidence establishes that Goetz can perform his former type of work. Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987). The Secretary correctly evaluated the opinions of Goetz's treating physicians and properly rejected Goetz's subjective complaints. See Suerlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). Finally, the objective medical evidence does not indicate that Goetz suffers from disabling pain. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matta, U.S. District Judge for the Northern District of Ohio, sitting by designation