37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lawrence FOX, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3305.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1994.
 
 Before: SUHRHEINRICH, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Lawrence Fox appeals a district court order affirming the Secretary's denial of his application for social security disability benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Fox filed an application for social security disability insurance benefits alleging that he suffered from arthritis in the knees and a back condition. Following a hearing, an Administrative Law Judge (ALJ) determined that Fox was not disabled because he had the residual functional capacity to perform this previous job as a general clerical worker. The Appeals Council declined the review of the ALJ's determination.
 
 
 3
 Fox then filed a complaint seeking review on the Secretary's decision. The parties consented to having the case heard before a magistrate judge who subsequently affirmed the denial of benefits and granted summary judgment for the Secretary.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Fox asserts that he satisfies Sec. 1.03A of 20 C.F.R. Part 404, Subpart P, App. 1. However, the radiology report of March 1988 and Dr. Nolan's examination of May 3, 1989, do not show significant joint space narrowing or significant bone destruction in Fox's knees. Therefore, Fox's condition does not meet Sec. 1.03A.
 
 
 5
 Finally, Fox contends that he is unable to perform his previous work as a clerical worker. However, in a rehabilitation report dated January 7, 1986, Fox admits that he could perform his previous duties as a clerical worker. Furthermore, the medical evidence establishes that Fox is able to perform his previous duties as a clerical worker. Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 6
 Accordingly, we affirm the district court's order.