52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Vonda VANCE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-4082.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1995.
 
 1
 Before: KEITH and MARTIN, Circuit Judges, and SMITH, District Judge.*
 
 ORDER
 
 2
 Vonda Vance appeals a district court judgment affirming the Secretary's denial of her applications for social security disability benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Vance filed an application for social security disability insurance benefits and for supplemental security income benefits alleging that she suffered from arthritis, fibromyalgia, back pain, depression, a stress disorder, and retinitis pigmentosa. Following three administrative hearings, the Administrative Law Judge (ALJ) determined that Vance was not disabled because she could perform her past relevant work as a cashier. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Vance then filed a complaint seeking review of the Secretary's decision. A magistrate judge recommended granting summary judgment to the Secretary. Upon de novo review and over Vance's objections, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Vance contends that she is unable to perform her past work as a cashier. Vance has the burden of showing that she is unable to perform her previous type of work. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987). The residual functional capacity assessments from Vance's treating physicians establish that she can perform sedentary work. The testimony of Ms. Burke, a vocational expert, shows that there are cashier positions at the sedentary level which Vance could perform. Therefore, Vance is capable of performing her previous type of work. Id.
 
 
 7
 Vance also requests that we remand the case back to the Secretary for consideration of additional evidence. However, Vance does not describe to the court what this new evidence entails, or whether it is material. Therefore, we deny the request for remand. See Oliver v. Secretary of Health and Human Servs., 804 F.2d 964, 966 (6th Cir.1986).
 
 
 8
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation