54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mark W. JUMPS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-6208.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1995.
 ORDER
 
 1
 Mark W. Jumps appeals a district court judgment affirming the Secretary's denial of his applications for social security disability benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 Jumps filed applications for social security disability insurance benefits and supplemental security income benefits alleging that he suffered from a back condition. Following a hearing, an administrative law judge (ALJ) determined that Jumps was not disabled because he had the residual functional capacity to perform his past relevant work as a cashier. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Jumps then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report and over Jump's objections, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam).
 
 
 5
 Jumps contends that the Secretary erred by not using the proper legal standard in evaluating the severity of his alleged mental impairments. However, as Dr. Amble's medical reports establish, Jumps's psychological test scores were invalid. Jump's test scores indicated that he was exaggerating his condition. The evidence simply does not establish that Jumps suffers a disabling mental impairment. Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir. 1990).
 
 
 6
 Jumps also argues that his alleged mental condition is severe. However, the record is void of any evidence that Jumps's alleged mental impairment prevents him from doing basic work activities. 20 C.F.R. Secs. 404.1521, 416.921. Jumps states that his IQ score of 79 establishes a severe mental impairment. However, Jumps's test scores are invalid. Further, Jumps relies on a social security ruling which has been repealed.
 
 
 7
 Jumps feels that his alleged mental impairment prevents him from performing his past relevant work as a cashier. The vocational expert's testimony establishes the contrary. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, Jumps requests that a report from Dr. Amble be struck from the record. This issue was not raised before the Secretary during the administrative process and, therefore, is not reviewable on appeal. See Brotherhood of Locomotive Eng'rs. v. ICC, 909 F.2d 909, 912-13 (6th Cir. 1990).
 
 
 8
 Accordingly, we affirm the district court's judgment.