89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larita Y. JACKSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-4164.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; ROSEN, District Judge.*
 
 ORDER
 
 2
 Larita Y. Jackson appeals a district court judgment affirming the Commissioner's denial of her application for supplemental security income benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jackson filed an application for supplemental security income benefits alleging that she suffered from arthritis and pain in the back and right hip. Jackson also stated that due to an automobile accident, her right leg is shorter than her left which requires her to walk with a cane.
 
 
 4
 Following a hearing, an administrative law judge (ALJ) determined that Jackson was not disabled because she could perform her past relevant work. Therefore, the ALJ denied Jackson's application for benefits. The Appeals Council declined to review the ALJ's determination.
 
 
 5
 Jackson then filed a complaint seeking review of the Commissioner's decision. The parties consented to have the case reviewed by a magistrate judge. The magistrate judge affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 6
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 7
 Jackson's pro se brief is construed as arguing that the medical evidence establishes that she has been disabled since 1974. However, the opinions of numerous treating physicians indicate that Jackson's impairments are minimal. Furthermore, one treating physician specifically stated that Jackson could perform sedentary work. As Jackson's previous positions were sedentary in nature, she has failed to show that she is unable to perform her previous type of work. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 8
 Finally, Jackson has submitted numerous medical documents which were not presented to the Commissioner. Because this court's review is limited to the question of whether there is substantial evidence to support the Commissioner's decision, see Brainard, 889 F.2d at 681, this evidence is not reviewable by the court.
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation