97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. DYSER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 96-5221.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 Before: KEITH, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Robert L. Dyser appeals a district court order affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Dyser filed an application for social security disability insurance benefits alleging that he suffered from impaired vision, headaches, nervousness, and back pain. Following a hearing, an administrative law judge (ALJ) determined that Dyser could perform his past position as a cafeteria worker. Therefore, the ALJ denied Dyser's application for benefits. The Appeals Council declined to review the ALJ's determination. Dyser then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 3
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 4
 Dyser contends that the decision of the Commissioner is not supported by substantial evidence. However, the medical records from the Miller Medical Group and the consultative report from Dr. Davis indicate that Dyser can perform light work. Furthermore, the vocational expert testified that Dyser can perform his previous position as a cafeteria worker. Thus, Dyser has failed to show that he is unable to perform his previous type of work. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 5
 Accordingly, we affirm the district court's order.