97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James T. BRAY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-5226.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1996.
 
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 James T. Bray appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Bray filed an application for social security disability insurance benefits and for supplemental security income benefits alleging that he suffered from a hernia, back pain, ulcers, high blood pressure, impaired breathing, and numbness in the hands. Following a hearing, an administrative law judge (ALJ) determined that Bray was entitled to supplemental security income benefits. However, the ALJ failed to address Bray's application for disability insurance benefits. Bray eventually challenged the Commissioner's decision before the district court and the district court remanded the case back to the Commissioner with instructions to address Bray's request for disability insurance benefits. Following a supplemental hearing, the ALJ denied Bray's application for disability insurance benefits. Bray failed to file a timely appeal with the Appeals Council. Therefore, the decision of the ALJ became the final decision of the Commissioner. See 20 C.F.R. § 404.984(d).
 
 
 3
 Bray then filed a complaint seeking review of the Commissioner's decision. The court affirmed the denial of benefits and granted judgment for the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Bray contends that he satisfies § 12.05C of 20 C.F.R. Part 404, Subpart P, Appendix 1. However, as there is no valid I.Q. score in the record, Bray does not satisfy this listed impairment.
 
 
 6
 Bray contends that the medical evidence shows that his physical impairments existed prior to the expiration of his insured status. The medical evidence simply does not establish that Bray was unable to perform his past relevant work prior to the expiration of his insured status. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 7
 Accordingly, we affirm the district court's judgment.