**Billie F. PRATT, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 03–5067.**

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2003.

Before: DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

## ORDER

Billie F. Pratt appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pratt filed an application for social security disability insurance benefits alleging that she suffered from arthritis, a hand injury with numbness in the fingers, degenerative disc disease of the spine, hypertension, mild chronic obstructive pulmonary disease, irregular heartbeat, atrial fibrillation, shortness of breath, and panic attacks. Following a hearing, an administrative law judge (ALJ) determined that Pratt was not disabled because she could perform her previous type of work. The Appeals Council declined to review the ALJ's determination. Pratt then filed a complaint seeking judicial review of the Commissioner's decision. The district court subsequently granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir.1989).

Initially, it is clarified that the Commissioner's decision was reached at the fourth step of the five-step approach in determining eligibility for benefits. See 20 C.F.R. § 404.1520. The first three steps are not in issue, i.e., the claimant is not gainfully employed, she is severely impaired, and she does not meet or equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. At the fourth step, it is the claimant's burden to show that she is unable to perform her previous type of work. See Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). The Commissioner's decision is supported by substantial evidence.

■ Pratt states that the Commissioner did not give proper weight to the opinion of her treating physician, Dr. Wicker. In rejecting Dr. Wicker's opinion, the ALJ concluded that the objective medical evidence did not support Pratt's claim that she was disabled prior to the expiration of her insured status. The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, see Crouch v. Sec'y of Health & Human Servs., 909 F.2d 852, 857 (6th Cir.1990), and is not contradicted by substantial evidence to the contrary. See Hardaway v. Sec'y of Health & Human Servs., 823 F.2d 922, 927 (6th Cir.1987). The Commissioner may reject the opinion of a treating physician where good reason is found in the record to do so. See Hall v. Bowen, 837 F.2d 272, 276 (6th Cir.1988). As the ALJ rejected the opinion of Dr. Wicker because it was not supported by the objective medical evidence in the record, the ALJ did not commit reversible error.

■ Pratt contends that the Commissioner erred by concluding that she could return to the same type of work she had previously performed. In determining whether Pratt could return to her past relevant work, the ALJ obtained the testimony of a vocational expert. The ALJ presented the vocational expert with a

hypothetical question which incorporated Pratt's limitations. In response to the hypothetical question, the vocational expert testified that Pratt could perform her past relevant work as a deputy court clerk. The vocational expert also identified other light clerical general office jobs Pratt could perform. Based on the vocational expert's testimony, the ALJ concluded that Pratt could perform her past type of work. *See Studaway*, 815 F.2d at 1076.

Pratt argues that the hypothetical question presented to the vocational expert was not supported by substantial evidence. Pratt states that the hypothetical question did not include the limitations imposed by Dr. Wicker. However, as previously noted, the ALJ disregarded Dr. Wicker's opinion as it was not supported by the record. Thus, the ALJ was not required to include Dr. Wicker's limitations in the hypothetical to the vocational expert. It is further noted that the vocational expert stated that, based on Pratt's testimony, her previous position involved skilled light work. The vocational expert specifically limited Pratt's overhead reaching ability and gross manipulation of the left upper extremity. The vocational expert noted that even with these limitations, Pratt could perform her past relevant work. As the hypothetical question to the vocational expert accurately represented Pratt's limitations prior to the expiration of her insured status, it was not reversible error for the ALJ to have concluded that Pratt was able to perform her previous type of work.

Accordingly, we affirm the court's judgment.