NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1245n.06

No. 11-6307

**FILED**
*Dec 04, 2012*
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TERRI LOUDEN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Terri Louden, who is represented by counsel, appeals a district court order denying her application for supplemental security income benefits.

On July 19, 2007, Louden filed an application for supplemental security income benefits alleging that she was disabled due to degenerative disc disease in the lumbar region of the spine; migraine headaches; chronic neck pain, secondary to degenerative disc disease in the cervical region of the spine; borderline intellectual functioning; illiteracy; depression; anxiety; and pain disorder. Her application was denied initially and upon reconsideration.

Louden then sought review before an administrative law judge (ALJ).  Following a hearing, the ALJ denied Louden's application for benefits finding that Louden could perform her previous type of work as a parking attendant.  *See* 20 C.F.R. § 416.920(f); *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).  The ALJ also found that Louden could perform

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

a substantial number of other jobs in the national economy. The Appeals Council declined to review the ALJ's decision and the district court subsequently affirmed the Commissioner's denial of benefits.

On appeal, Louden argues that the ALJ's hypothetical questions to the vocational expert at the hearing were not supported by substantial evidence and that the vocational expert's testimony conflicted with the Dictionary of Occupational Titles. The district court's judgment is reviewed de novo. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). Our review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Id.* (internal quotation marks omitted). "If the Commissioner's decision is based upon substantial evidence, we must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id.*

Consultative psychologist Mark Kroger examined Louden on only one occasion for the purposes of Louden's disability application. Because Kroger was not a treating physician, his opinion was not entitled to significant weight. *See* 20 C.F.R. § 416.927(c)(2). However, the ALJ did afford Kroger's opinion substantial weight. The ALJ explained that he included in Louden's residual functional capacity assessment the mental limitations described by Kroger.

The applicable regulations also permitted the ALJ to consider the opinions of Drs. Jan Jacobson and Edward Stodola. These doctors simply examined the medical evidence before the Commissioner. *See* 20 C.F.R. § 416.927(e). Although Louden contends that there is no evidence that these consulting physicians examined the entire record, references to Kroger's findings indicate that Dr. Jacobson did in fact review Louden's mental health evaluation.

The ALJ's hypothetical questions to the vocational expert considered all of Louden's conditions that were supported by objective medical evidence. Based on the ALJ's hypothetical questions, the vocational expert testified that Louden could perform her previous position as a

parking attendant. The vocational expert also stated that Louden could work as a surveillance monitor and as an entry level assembler.

Louden contends that the vocational expert's testimony conflicted with the Dictionary of Occupational Titles because Louden failed to meet certain requirements of the parking attendant and surveillance monitor positions as described by the Dictionary of Occupational Titles. The ALJ satisfied his burden by asking the vocational expert if her testimony was consistent with the Dictionary of Occupational Titles. *See Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 858 (6th Cir. 2010). The vocational expert stated that her testimony was consistent with the Dictionary of Occupational Titles. Louden has the burden of proving that she is unable to perform her previous type of work. *Id*. at 855; *Studaway*, 815 F.2d at 1076. Louden's attorney had the opportunity, but failed to cross-examine the vocational expert regarding her position that her testimony was consistent with specific provisions of the Dictionary of Occupational Titles. Accordingly, the vocational expert's testimony constituted substantial evidence that Louden could perform her past relevant work as a parking attendant.

The district court's judgment is affirmed.