980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sally A. MACK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-3432.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1992.
 
 1
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Sally A. Mack appeals a judgment affirming the Secretary's denial of her application for social security disability benefits. Her appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have expressly waived oral argument in their briefs on appeal.
 
 
 3
 Mack alleged that she became disabled on July 22, 1988, due to the surgical removal of a cancerous lung. An Administrative Law Judge ("ALJ") found that Mack was not disabled because she could still perform her past work. This opinion became the final decision of the Secretary on June 21, 1990, when the Appeals Council declined further review. On March 27, 1992, the district court adopted a magistrate judge's recommendation and affirmed the Secretary's decision. It is from this judgment that Mack now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 6
 Mack has the burden of showing that she is unable to perform her past work as a secretary or transcriptionist. See Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir.1987). The relevant inquiry is whether Mack can return to the type of work that she has done in the past, rather than the specific jobs that she has held. Id. Mack first argues that a letter from her treating physician, Dr. Carter, indicates that she is unable to work on a regular and continuing basis. However, it is not clear from the letter whether Mack is restricted from full-time work or merely limited to work in a clean environment. Prior reports indicate that Mack can work in a smoke-free environment despite her impairments. Furthermore, a medical expert testified that Mack was limited to work at a light exertional level in a relatively clean atmosphere.
 
 
 7
 A vocational expert testified that Mack's past work had been sedentary and semi-skilled, that similar jobs were available in a smoke-free environment and that smoking is now prohibited in approximately 30 percent of office working areas. Furthermore, the expert's response to a hypothetical question clearly indicated that Mack was able to perform her past work. This evidence provides substantial support for the Secretary's finding that Mack retained the capacity to perform her past work. See Blacha v. Secretary of HHS, 927 F.2d 228, 231 (6th Cir.1990) (per curiam).
 
 
 8
 The ALJ discounted Mack's testimony that her ability to work was severely limited by fatigue. This credibility finding is supported by substantial evidence in the record. See Hardaway v. Secretary of HHS, 823 F.2d 922, 928 (6th Cir.1987) (per curiam). The cited portions of Mack's testimony indicate that her fatigue is associated with exposure to smoke or atmospheric pollution. As noted above, the record indicates that Mack can perform her past work in a clean environment and that 30% of the relevant work environments are smoke-free.
 
 
 9
 Mack argues that the ALJ's finding that she could perform a limited range of sedentary work was contradicted by a report from her treating physician. The Secretary is not bound by a treating physician's opinion if there is substantial evidence to the contrary. Id. at 927. It is apparent that the cited report is equivocal when it is read as a whole. Moreover, the medical expert testified that Mack could perform light work. Thus, it appears that the ALJ did afford Dr. Carter's opinion appropriate deference by finding that Mack was limited to sedentary work despite the medical expert's testimony to the contrary. Cf. Villarreal v. Secretary of HHS, 818 F.2d 461, 463-64 (6th Cir.1987) (per curiam).
 
 
 10
 Mack argues that the district court failed to give proper consideration to evidence which indicates that her impairment meets the twelve-month durational requirement of 42 U.S.C. § 423(d)(1)(A) because it is likely to deteriorate. However, the district court properly considered the disputed evidence. Moreover, the durational requirement is not at issue here because the Secretary concedes that Mack has a severe impairment.
 
 
 11
 Finally, Mack argues that the ALJ failed to develop the record in light of her pro se status. The ALJ has a special duty to develop the record when a claimant is proceeding without representation. Lashley v. Secretary of HHS, 708 F.2d 1048, 1051 (6th Cir.1983). However, the ALJ satisfied that duty here by eliciting testimony from a vocational expert as well as a medical examiner, who asked additional questions of Mack before giving his opinion.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation