993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victor CARUSO, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-2178.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1993.
 
 Before MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Victor Caruso appeals a district court judgment affirming the Secretary's denial of his application for social security disability benefits. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 2
 Caruso alleged that he became disabled on December 27, 1982, due to an "unhealing fracture of the right ankle" and "arthritis of the right ankle." An Administrative Law Judge ("ALJ") found that Caruso was not disabled because his impairment did not prevent him from performing his past work as an assembler in the automotive industry. The ALJ's opinion became the final decision of the Secretary on October 31, 1991, when the Appeals Council declined further review. On July 30, 1992, the district court adopted a magistrate judge's recommendation and affirmed the Secretary's decision. It is from this judgment that Caruso now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 5
 Caruso has not met his burden of showing that he is unable to perform his past work. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987). The relevant inquiry is whether Caruso can return to the type of work that he has done in the past, not necessarily the specific jobs that he has held. See id. The ALJ posed a hypothetical question to a vocational expert which fairly described Caruso's impairments. The vocational expert's response indicates that Caruso can still perform his past work. See Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990) (per curiam).
 
 
 6
 Caruso argues that the ALJ placed too much emphasis on the fact that he did not complete his physical therapy, that he takes only over-the-counter Nuprin for pain, and that he can perform many everyday activities which include driving, vacuuming, fishing and camping five months of the year. However, these findings are not at issue because the limitations in the ALJ's hypothetical question were based on Caruso's own testimony. Cf. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987) (per curiam).
 
 
 7
 Caruso also argues that the ALJ failed to give sufficient deference to the opinion of his treating physician, Dr. Loniewski, which limited him to sedentary work. Dr. Loniewski also reported that Caruso was permanently disabled and that he could not return to his past work. However, the Secretary is not bound by a treating physician's opinion that the claimant is totally disabled if there is substantial evidence to the contrary. Hardaway, 823 F.2d at 927. The only specific restrictions that Dr. Loniewski noted involved Caruso's ability to walk and stand. The ALJ's hypothetical question was consistent with these restrictions. Thus, it was reasonable for the ALJ to assume that Caruso could perform a limited range of medium work, including the type of work that he had performed in the past.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.