4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bill LITOS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-3146.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1993.
 
 Before: MILBURN, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Bill Litos appeals a district court judgment affirming the Secretary's denial of his application for social security disability benefits. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The Secretary had denied several earlier applications by Litos for disability benefits. In his current application, Litos alleged that he became disabled on January 10, 1981, due to gout, rheumatoid arthritis, osteoarthritis, hypertension and back problems. Litos now alleges that he also suffers from "cardiomegaly, degenerative spinal problems, hip problems, shoulder problems, and severe and chronic pain." An Administrative Law Judge ("ALJ") found that the denial of Litos's earlier applications was res judicata insofar as Litos had alleged a disability on or before January 12, 1987. He also found that Litos was not disabled after that date because he could still perform his past work. The ALJ's opinion became the final decision of the Secretary on September 12, 1991, when the Appeals Council declined further review. The district court granted the Secretary's motion for summary judgment on December 10, 1992, and it is from this judgment that Litos now appeals.
 
 
 3
 Litos argues that his prior applications should have been reopened because he submitted new medical exhibits that were relevant to his condition. However, the courts may not review the Secretary's decision not to reopen an earlier application for benefits in the absence of a constitutional challenge. Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990) (per curiam). Litos has not raised a constitutional challenge in this case. Therefore, we affirm the district court's judgment insofar as it affirmed the Secretary's decision not to reopen Litos's prior applications.
 
 
 4
 Since the earlier applications were not reopened, the ALJ considered whether Litos was disabled only for the limited period between January 12, 1987 and September 30, 1988. The ALJ found that Litos had severe impairments consisting of degenerative arthritis, hypertension, obesity and a fractured finger, even though his condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations. These findings are not in dispute. However, the ALJ also found that Litos's testimony was not fully credible and that he was not disabled because he was still able to perform his past work.
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 7
 Litos had the burden of showing that he could no longer perform his past work. See Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990). Thus, to make out a prima facie case of disability, Litos must show a medical basis for an impairment that would prevent him from working as a lift truck operator or as a supervisor over truck loading crews. See id. The relevant inquiry is whether Litos can still perform this type of work, rather than the specific jobs that he has held in the past. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 8
 The ALJ implicitly found that Litos's past work had been at a medium level. This finding is consistent with Litos's description of his work on a 1983 vocational report and with his testimony at the hearing, which indicates that he was required to walk 15 to 20 miles a day in his supervisory position. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. Sec. 404.1567(c). To perform medium work, a claimant also must be able to perform the activities involved in light work, including the ability to do a good deal of walking or standing, or to sit most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. Sec. 404.1567(b).
 
 
 9
 The record contains several residual functional capacity reports, but only one of them indicates that Litos had the ability to perform medium work. However, that report also expressly restricted Litos from performing work that involved driving or working around dangerous machinery. In addition, a finding that Litos can still perform medium work is contradicted by the residual functional capacity assessments of several consulting examiners. These assessments consistently limit Litos to lifting no more than 20 pounds at a time. They also indicate that he has a limited ability to walk and to operate arm or leg controls.
 
 
 10
 The reports of Litos's treating physicians also indicate that he is unable to perform his past work. A treating physician's opinion is afforded more weight than the opinion of a consultant, but the ultimate determination regarding disability remains with the Secretary. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). In the present case, the ALJ relied on the opinion of a medical advisor ("MA"), to discount the opinions of Litos's treating physicians. The MA stated that Litos had osteoarthritis but that there was insufficient clinical evidence in the record to substantiate a diagnosis of an inflammatory joint disease such as rheumatoid arthritis. However, hospital reports prepared during the relevant period show that Litos had elevated levels of uric acid, a sign of gout. They also indicate that he had spurring and degenerative changes in his back and hips. Significantly, the MA did not expressly dispute the limitations that were placed on Litos's physical activities by his treating physicians or by the consulting physicians who had limited Litos to light work. Their reports are not incompatible with the MA's diagnosis, and they contradict the ALJ's finding that Litos retained the functional capacity to perform his past work.
 
 
 11
 Accordingly, the district court's judgment is affirmed insofar as it affirms the Secretary's decision not to reopen Litos's prior applications but vacated and remanded for further proceedings by the Secretary to determine whether Litos was disabled for the limited period between January 12, 1987 and September 30, 1988. Rule 9(b)(3), Rules of the Sixth Circuit.