862 F.2d 316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sharon L. HEADRICK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1939.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1988.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a district court order granting summary judgment for the Secretary in a Social Security disability case. We shall affirm the judgment of the district court.
 
 
 2
 The claimant sought benefits on the basis of an asserted disability said to have commenced on September 30, 1976. Following a hearing an administrative law judge made the following findings:
 
 
 3
 (1) the claimant had the severe impairment of multiple sclerosis;
 
 
 4
 (2) the impairment did not conform to the statutory guidelines so as to entitle her to benefits automatically;
 
 
 5
 (3) the claimant's allegations of disability were not substantiated by testimony at the hearing or by medical evidence;
 
 
 6
 (4) the claimant's impairments did not prevent her from performing her past relevant work; and
 
 
 7
 (5) through March 31, 1979, when her status as an insured expired, the claimant was under no disability as defined in the Social Security Act.
 
 
 8
 The Appeals Council declined to review the ALJ's decision, and the claimant sought review in federal district court pursuant to 42 U.S.C. Sec. 405(g). The case was assigned to a magistrate, who recommended a finding that the decision of the Secretary was not supported by substantial evidence. The district court rejected the magistrate's recommendation and entered summary judgment for the Secretary. The court found that objective medical evidence did not establish that the claimant's condition was of such severity as would be expected to produce disabling fatigue during the pertinent period. The claimant perfected a timely appeal to this court.
 
 
 9
 Our job, like that of the district court, is to ascertain whether the findings of fact made by the Secretary are supported by substantial evidence and whether the Secretary employed the proper legal criteria in reaching those findings. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987). The courts do not resolve conflicts in evidence or decide questions of credibility. Id.
 
 
 10
 Medical reports submitted to the ALJ by the claimant revealed that after the birth of the claimant's son in August of 1976 she made repeated visits to her doctors complaining of fatigue. The reports also noted intermittent headaches, visual disturbances, weakness in the lower extremities, and an occasional lack of coordination and impairment of speech. The claimant testified, however, that during this period she was able to fix meals for herself and her family, do laundry, mop floors, and perform other chores with the help of her husband. She also testified that during the relevant period she was able to sit for several hours and to be on her feet for as much as two hours before her illness made it necessary for her to sit down. And she testified that she could go as long as one hour between trips to the toilet.
 
 
 11
 In reaching his conclusion the ALJ followed the sequential steps prescribed by 20 C.F.R. Sec. 404.1520. Of particular importance to our review are the ALJ's findings numbered two, three, and four above. (Finding one was in the claimant's favor, and finding five was the conclusion drawn from the preceeding findings.) If any of the three intermediate findings is not supported by substantial evidence, then the ALJ erred in concluding that the claimant was not disabled.
 
 
 12
 Listing 11.09(C) and cross-references therefrom in Appendix 1 of Part 404 set forth the major criteria for evaluating an impairment caused by multiple sclerosis. The ALJ's conclusion that the claimant's severe impairment of multiple sclerosis did not fit any of the categories set forth in Appendix 1 is supported by substantial evidence, and the claimant has not raised this as an issue on appeal. She has focused, rather, on the ALJ's finding that her allegations were not substantiated by medical evidence and the finding that her impairment did not prevent her from performing her past relevant work. Upon review of the record, we conclude that these findings also are supported by substantial evidence.
 
 
 13
 The claimant's case rested largely on her complaints of fatigue. In evaluating allegedly disabling conditions of this sort we use a two-step analysis. See Duncan v. Secretary, 801 F.2d 847 (6th Cir.1986). First we determine whether there is objective medical evidence of an underlying medical condition. If there is, we determine whether (1) objective medical evidence confirms the severity of the symptoms arising from the condition, or (2) the underlying condition is of such severity as can reasonably be expected to produce the allegedly disabling condition. Id. at 853. This approach is in conformity with the statutory rule that an "individual statement as to pain or other symptoms shall not alone be conclusive." 42 U.S.C. Sec. 423(d)(5)(A).
 
 
 14
 In this case there is abundant objective medical evidence of the claimant's multiple sclerosis. What is lacking, however, is medical evidence confirming the severity of her fatigue or demonstrating that her multiple sclerosis had reached a stage where it was reasonably likely to produce a degree of fatigue that could fairly be said to be disabling. The symptomology of multiple sclerosis follows no set pattern, and the progress of the disease can vary widely from person to person; the evidence that was before the ALJ, as we read it, was not such as to require a finding of disability in this case.
 
 
 15
 The testimony of a vocational expert aided the ALJ in finding that the claimant's impairments did not prevent her from performing her past relevant work. At the hearing the expert classified the claimant's past relevant work as semi-skilled and sedentary. He testified that the her lower extremity weakness would not prevent her from performing such work. He identified jobs that the appellant could hold even if she had to leave the work station frequently as a result of urinary urgency. The claimant herself testified that she could sit for prolonged periods and could do a variety of household chores. The evidence does not leave us with the firm conviction that the ALJ erred in finding that the claimant could perform her past relevant work.
 
 
 16
 The district court's grant of summary judgment in favor of the Secretary is AFFIRMED.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., Judge, United States District Court for the Northern District of Ohio, sitting by designation