875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lori BILTOFT, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant-Appellee.
 No. 88-3659.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1989.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant, a multiple sclerosis sufferer, appeals from the district court's decision upholding an administrative law judge's (ALJ) determination that claimant's impairment does not entitle her to receive social security disability benefits. Arguing that the ALJ's conclusion was not supported by substantial evidence and was based upon an application of incorrect legal standards, Biltoft asks this court to reverse the district court's decision supporting the ALJ. Finding no errors in the ALJ's decision, we affirm the district court.
 
 I.
 
 2
 At the time of the hearing, claimant was a 28 year-old woman who had completed high school and two quarters of college. After leaving college, Biltoft worked as an executive secretary, an administrative assistant and, finally, as a customer service manager.
 
 
 3
 The first symptoms of Biltoft's illness developed in April 1986, when she suffered optic neuritis and a temporary loss of sight. Claimant returned to work for a short time before she was hospitalized again on July 21, 1986, suffering from left leg numbness, tingling, weakness, vision loss, vertigo and nausea. During this period of hospitalization, doctors officially diagnosed Biltoft as suffering from multiple sclerosis. After this hospital stay, plaintiff was unable to return to work, and she still has not returned. Claimant maintains she has been permanently disabled since the last day she worked on July 7, 1986.
 
 
 4
 At the hearing before the ALJ, medical evidence clearly established that Biltoft suffers from multiple sclerosis. As a result of this condition, the ALJ found evidence that claimant walks with an ataxic gait, and must rely upon a cane when walking on non-level surfaces. The claimant has suffered some deterioration of vision in her left eye. Also, Biltoft suffers from occasional dizziness, lightheadedness and vertigo. Finally, Biltoft is easily fatigued.
 
 
 5
 Despite these limitations, the ALJ found that claimant is not disabled. The ALJ determined that Biltoft retains the capacity to perform sedentary work. Because her physical limitations prevent her from performing the full range of sedentary work, however, the ALJ consulted a vocational expert. Bearing in mind the restrictions that Biltoft cannot perform repetitive movements with her left leg, fine manipulations with her left hand, or tolerate exposure to hot areas or dangerous environments (unprotected heights and moving machinery), the vocational expert nevertheless concluded that there are a number of jobs in Biltoft's local economy that Biltoft would be capable of performing.
 
 II.
 
 6
 On appeal, Biltoft argues that there was not substantial evidence supporting the ALJ's conclusion. Claimant recognizes that establishing a lack of substantial evidence is made difficult by this court's very limited ability to overturn an administrative decision on substantial evidence grounds.
 
 
 7
 The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.
 
 
 8
 Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir.1984)). Still, Biltoft maintains that the ALJ's conclusion was improper.
 
 
 9
 The sole dispute in this case involves the ALJ's refusal to recognize claimant's alleged extreme fatigue as a factor restricting her ability to perform sedentary work. The parties do not argue that the ALJ erred in resolving the first four issues in the five-step sequence required in considering social security disability claims. 20 C.F.R. Sec. 404.1520. Both sides agree that Biltoft is not working, that she has a severe impairment, that the impairment does not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1, and that she is incapable of performing her past work. Additionally, Biltoft does not contest the determination that she retains the residual functional capacity for sedentary work.
 
 
 10
 Claimant argues that if her fatigue is properly considered, there are simply no sedentary jobs she can perform competently. Biltoft argues that the ALJ's treatment of the fatigue issue was improper because he seemingly ignored claimant's unrefuted testimony establishing her inability to work without becoming quickly exhausted, and because the ALJ chose to rely upon the medical evidence of an examining physician instead of the more favorable report prepared by Biltoft's treating physician.
 
 
 11
 Citing a number of cases mandating that an ALJ, in a disability case, make explicit his findings accepting or rejecting a critical line of evidence, see Rousey v. Heckler, 771 F.2d 1065 (7th Cir.1985), Biltoft argues that the ALJ erred in not explicitly making a finding as to Biltoft's credibility. This point is not well taken. We find that the ALJ did make explicit his position on Biltoft's credibility, finding most significant claimant's statements that she performed household tasks, did the grocery shopping and wrote letters to friends, thereby discounting Biltoft's statements that she was incapable of performing even the slightest physical task without becoming extremely fatigued.
 
 
 12
 More importantly, the ALJ discounted Biltoft's testimony as to disabling fatigue by noting that subjective complaints of fatigue, like complaints of pain, are properly considered only when supported by objective medical evidence. McCormick v. Secretary of Health and Human Services, No. 87-1828, slip op. (6th Cir. Nov. 25, 1988), affirming the continued validity of Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). While claimant correctly notes that some level of fatigue normally accompanies multiple sclerosis, Dr. Marta Steinberg expressly testified that there was absolutely nothing she could detect in claimant's condition that would explain the level of fatigue complained of by Biltoft. Duncan requires that where there is an underlying medical condition, medical evidence still must be presented to establish the severity of the alleged fatigue or pain arising from the condition. Here, the ALJ found such proof to be lacking.
 
 
 13
 Biltoft argues, however, that this reliance upon the medical findings of Dr. Steinberg was inappropriate. She correctly notes that the opinions of treating physicians are generally to be accorded more weight than those of reviewing physicians. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048 (6th Cir.1983). Her examining physician, Dr. Weingar, stated that claimant was significantly disabled as a result of "an incapacitating amount of fatigue." Claimant argues that Weingar's opinion is to be accorded greater weight, and that this opinion provides the requisite support, under Duncan, for claimant's complaints of fatigue.
 
 
 14
 While we recognize the general preference accorded the opinions of treating physicians, we feel compelled to echo the magistrate's pronouncement at the district court level that this is not a per se rule. Instead, a treating physician's opinion is entitled to significant weight only if supported by sufficient medical data. Harris v. Heckler, 756 F.2d 431 (6th Cir.1985); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir.1984). When the opinion of a treating physician is based on no detailed evidence, and a qualified medical advisor reaches a contrary conclusion on the basis of persuasive, clear medical proof, the ALJ is permitted to accord the medical advisor's opinion more weight. That was the situation in this case, and the ALJ properly placed greater significance on the opinion of Dr. Steinberg, who noted that Biltoft's lack of muscle deterioration led Steinberg to conclude that there was no medical explanation for Biltoft's claim of extreme fatigue.
 
 
 15
 Given the appropriateness of the ALJ's conclusion as to the alleged fatigue, his questions to the vocational expert accurately described claimant's physical condition and abilities. In setting forth environmental and exertional restrictions, the ALJ adequately considered Biltoft's eye problems, her dizziness/lightheadedness difficulties, and the coordination shortcomings she has with her left hand and leg. The vocational expert then correctly factored these limitations into his analysis before concluding that Biltoft was not disabled.
 
 
 16
 The decision of the district court is AFFIRMED.[1]
 
 
 
 [1]
 Since multiple sclerosis is a progressive disease, our affirmance is obviously without prejudice to claimant's filing another application if her condition continues to worsen