16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael J. DETTLOFF, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-2507.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1993.
 
 Before: MARTIN and RYAN, Circuit Judges; and EDGAR, District Judge.*
 PER CURIAM.
 
 
 1
 Michael J. Dettloff appeals the district court's judgment affirming the Secretary of Health and Human Services' denial of social security benefits. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 Dettloff was born on January 3, 1956, and has a tenth grade education. He filed an application for benefits on May 24, 1990, alleging a disability that began on April 15, 1987 caused by a herniated disc and multiple sclerosis. This application was denied both initially and upon reconsideration. On June 17, 1991, a de novo hearing was conducted before an administrative law judge. Because Dettloff last met the disability insured status requirements under the Social Security Act on December 31, 1987, Dettloff bore the burden of proving that he was under a disability on or before that date to establish an entitlement to benefits.
 
 
 3
 At the administrative hearing, a vocational expert characterized Dettloff's relevant work experience as an inspector, machinist/builder, and parts driver as semi-skilled work activity. The administrative law judge then concluded that Dettloff retained the residual functional capacity to perform sedentary work that did not require prolonged standing and walking, or constant fine bilateral manual dexterity. Based on an application of Rule 201.26 of the Secretary's medical-vocational guidelines and relying on the testimony of the vocational expert, the judge further determined that Dettloff was capable of performing a significant number of jobs in the national economy. Accordingly, the judge found that Dettloff was not disabled at any time on or before December 31, 1987, and denied Dettloff's application for disability insurance benefits. The Appeals Council denied Dettloff's subsequent request for a review of this ruling.
 
 
 4
 Seeking judicial review of the Secretary's final decision, Dettloff then filed suit in district court. In his complaint, Dettloff reiterated that he was disabled and suffered from severe debilitating symptoms due to disc herniation and multiple sclerosis prior to December 31, 1987. Finding that the Secretary's denial was not supported by substantial evidence, a magistrate judge submitted a report recommending reversal of the decision and a remand for an award of disability benefits. After a de novo review in light of the Secretary's objections to the report, however, the district court rejected the magistrate's recommendation and granted summary judgment in favor of the Secretary. In this timely appeal, Dettloff argues that the district court erred in not awarding him disability benefits. We disagree.
 
 
 5
 The term disability is defined by 42 U.S.C. Sec. 423(d)(1)(A) as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Additionally, 42 U.S.C. Sec. 423(d)(2)(A) provides that:
 
 
 6
 [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.
 
 
 7
 As this Court has previously held, we "must affirm the Secretary's decision if it is based on this legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1075 (6th Cir.1987). Substantial evidence, moreover, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 8
 We conclude that there is substantial evidence to support the Secretary's decision in this case. Dettloff, we find, failed to show that he suffered from impairments and symptoms of disabling severity prior to the expiration of his insured status on December 31, 1987. See Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir.1990) (requiring such a showing). As the administrative law judge acknowledged, there is objective evidence showing that Dettloff suffered (and continues to suffer) medical problems due to a herniated disc and probable multiple sclerosis. Most of the evidence concerning Dettloff's symptoms, however, which became more severe beginning in 1988, is dated subsequent to December 31, 1987, and does not necessarily relate back to Dettloff's condition prior to that date. The evidence, moreover, does not demonstrate Dettloff's complete inability to work.
 
 
 9
 Furthermore, because subjective complaints, in the absence of objective medical evidence to support the existence or severity of the alleged symptoms, cannot be a sufficient basis for establishing disability, we find that the administrative law judge did not err in his evaluation of Dettloff's complaints of pain and other symptoms. See McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002-03 (6th Cir.1988) (affirming the Secretary's denial of benefits to a claimant who was unable to "introduce objective medical evidence to support the existence of [her] alleged migraine headaches"). Although the evidence shows medical problems due to a herniated disc and multiple sclerosis, the physical findings and Dettloff's treatment history prior to December 31, 1987 do not demonstrate that his medical condition was of such severity that it could have reasonably been expected to produce the disabling pain and other symptoms he alleged. Finally, in determining that Dettloff retained the residual capacity to perform a significant number of jobs in the national economy, the administrative law judge properly took into account Dettloff's allegations of an inability to do prolonged standing, walking, or tasks requiring constant fine manual dexterity.
 
 
 10
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable R. Allen Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation