16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 J.B. HORTENBURY, Plaintiff-Appellant,
v.
Al C. PARKE, Warden; Walt Chapleau, Deputy Warden; William
Butner, Correctional Officer; Robert Shelley,
Lieutenant; Defendants,
Pat Horsey, Medical Administrator; John A. Distler; J.M.
Honaker; Richard A. Eifferman Defendants-Appellees.
 No. 93-5800.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1993.
 
 1
 Before: JONES and SUHRHEINRICH, Circuit Judges, and MCKEAGUE, District Judge.*
 
 ORDER
 
 2
 J.B. Hortenbury, a pro se Kentucky prisoner, appeals a district court award of summary judgment and judgment on the pleadings in favor of the defendants in this civil rights case filed pursuant to 42 U.S.C. Secs. 1983, 1985 and 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The undisputed facts are set forth in the magistrate judge's October 19, 1992, Findings of Fact, Conclusions of Law and Recommendations, and the March 23, 1993, Findings of Fact, Conclusions of Law and Recommendations, and will not be repeated herein. Suffice it to say that Hortenbury filed his civil rights complaint against several state correction officials and treating physicians, alleging that the defendants denied him medical treatment for an eye condition in violation of the Eighth Amendment; that they discriminated against him based on his status as a prisoner; that they denied him equal protection; and that they conspired to deny him his constitutional rights. Hortenbury also alleged claims under various Kentucky statutes and provisions of the Kentucky Constitution. He sought declaratory, injunctive and monetary relief against the defendants in their individual and official capacities.
 
 
 4
 Defendant Distler moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), on April 27, 1992. The magistrate judge issued a report recommending that defendant Distler's motion be granted. Upon de novo review in light of Hortenbury's objections, the district court adopted the report and recommendation and dismissed the complaint as to defendant Distler in a memorandum opinion and order entered December 23, 1992.
 
 
 5
 On October 26, 1992, defendant Eiferman filed a motion for judgment on the pleadings. The remaining defendants filed a motion for summary judgment on November 6, 1992. The magistrate judge concluded that Hortenbury's allegations against defendant Eiferman and the remaining defendants failed to rise to an Eighth Amendment claim and that Hortenbury failed to allege facts sufficient to state a claim under Secs. 1985 and 1986. The magistrate judge also recommended dismissal of Hortenbury's pendent state claims pursuant to United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966). Upon de novo review in light of Hortenbury's objections, the district court adopted the magistrate judge's report and entered an order and judgment dismissing the complaint on May 25, 1993.
 
 
 6
 Initially, we note that Hortenbury did not object to the magistrate judge's recommendation regarding defendant Eiferman. Accordingly, he is now barred from complaining of any errors in that recommendation and the subsequent dismissal of defendant Eiferman. See Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508-09 (6th Cir.1991).
 
 
 7
 We also note that Hortenbury does not raise his Sec. 1985, Sec. 1986, equal protection or pendent state claims on appeal. Therefore, they are considered abandoned and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 8
 Upon review, we conclude that judgment on the pleadings was properly granted in favor of defendant Distler as he was clearly entitled to judgment as a matter of law. See Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973). Hortenbury does not state a claim under the Eighth Amendment as he failed to demonstrate that defendant Distler was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). At best, Hortenbury describes a mere difference of opinion between himself and his physician regarding his diagnosis and treatment. Disagreement over medical treatment will not support an Eighth Amendment claim under Sec. 1983. See Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).
 
 
 9
 Upon further review, we affirm the district court's summary judgment in favor of the remaining defendants as there are no genuine issues as to any material fact and the defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 10
 As stated previously, the gravamen of Hortenbury's complaint essentially is that he is dissatisfied with the adequacy of his treatment. Because the defendant doctors examined Hortenbury, they did not deny proper medical care. Where a plaintiff has received some medical attention, this court will not second-guess the judgment of medical professionals. Westlake, 537 F.2d at 860 n. 5. Even if the defendant doctors were incorrect in finding that there was no foreign matter in Hortenbury's eye, their failure to make a correct diagnosis is at most negligent. Such medical malpractice does not state an Eighth Amendment claim. See Estelle, 429 U.S. at 106-07. Therefore, there was no deliberate indifference to a serious medical need. Id.
 
 
 11
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, U.S. District Judge for the Western District of Michigan, sitting by designation