19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert E. HICKEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-5692.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1994.
 
 Before: KEITH and MARTIN, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Albert E. Hickey appeals the district court's judgment affirming the Secretary of Health and Human Services' denial of social security benefits. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 * Hickey filed his first application for benefits on December 7, 1977, alleging that he became disabled on November 2, 1977, before the expiration of his insured status on March 31, 1980, due to damage to the main valve of his heart. On September 14, 1978, the Appeals Council affirmed an administrative law judge's denial of the application. Hickey filed a second application on November 13, 1978, alleging again that he became disabled on November 2, 1977, but this time attributing the disability to both heart and nervous conditions. On March 24, 1980, an administrative law judge once again denied Hickey's claim. Hickey did not request further review of his second application until March 7, 1990. On December 17, 1990, the Appeals Council declined this request for review on the ground that the administrative law judge's 1980 decision had become final on the issue of disability, as the decision had not been appealed and the four-year period for reopening of the decision had elapsed. 20 C.F.R. Sec. 404.987-989.
 
 
 3
 Hickey filed his third and final application for benefits on April 15, 1986, alleging that he became disabled on January 1, 1979, due to a damaged valve in, and fluid around, his heart, two heart attacks, gout, and high blood pressure. After numerous appeals and remands, an administrative law judge denied this application on January 23, 1992. On October 26, the Appeals Council denied Hickey's request for review, and the January ruling became the Secretary's final decision in this matter. Seeking judicial review, Hickey then filed suit in district court. On April 5, 1993, a magistrate judge issued a report finding that substantial evidence in the record as a whole supported the Secretary's determination that Hickey was not disabled at any time prior to the expiration of his insured status, and recommending that the district court grant a motion by the Secretary for summary judgment. On April 22, the district court approved and adopted the magistrate's report, and granted the Secretary's motion. This timely appeal followed.
 
 II
 
 4
 As a preliminary matter, the Secretary disputes the magistrate's, and thus the district court's, conclusion that in considering Hickey's third application for benefits, the Secretary reconsidered the merits of and thus reopened Hickey's first two applications for benefits. Based on this conclusion, the district court determined that it could properly review the Secretary's decision denying benefits for the time period from November 2, 1977, the date Hickey alleges in his first two applications that he became disabled, to March 31, 1980, the date Hickey's insured status expired. The Secretary, by contrast, maintains that because the earlier claims were never reopened, this Court should consider only Hickey's third application, in which he alleged that he first became disabled on January 1, 1979. Because we agree with the district court's finding that substantial evidence supports the Secretary's decision that Hickey was not disabled at any time prior to March 31, 1980, we need not address the propriety of the district court's decision that "the Secretary reopened the determination on both plaintiff's 1977 and 1978 disability applications back to November 2, 1977." Magistrate's Report and Recommendation at 4.
 
 
 5
 Hickey makes essentially three arguments. First, he contends that the Secretary erred in giving greater weight to the opinions of the Social Security Administration's consulting physicians, Drs. White and Misra, than to those of his own treating physicians. Because the opinions of Drs. White and Misra are not credible, Hickey apparently reasons, there is not substantial evidence to support the Secretary's finding that Hickey was not disabled prior to March 31, 1980, and could perform light work. Second, Hickey argues that the Secretary erred in failing to credit Hickey's testimony as to his functional limitations. Finally, Hickey maintains that the Secretary erred in relying on a vocational expert's response to a hypothetical question, regarding Hickey's capacity to work, that did not factor in Hickey's claimed fatigue, dizziness, shortness of breath, anxiety, or high blood pressure.
 
 III
 
 6
 The term disability is defined by 42 U.S.C. Sec. 423(d)(1)(A) as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Additionally, 42 U.S.C. Sec. 423(d)(2)(A) provides that:
 
 
 7
 [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.
 
 
 8
 As this Court has previously held, we "must affirm the Secretary's decision if it is based on this legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987). Substantial evidence, moreover, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 9
 As to Hickey's first argument, regarding the Secretary's decision to give greater weight to the opinions of Drs. White and Misra than to those of the physicians who determined that Hickey was not capable of light work, this Court has held that the resolution of conflicting assertions between physicians, in a case such as this, is "peculiarly suited" to the Secretary. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 537 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). The ultimate determination as to whether an applicant is disabled, similarly, must be made by the Secretary on the basis of the entire record. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir.1987). In addition, although we have made clear that the opinion of a treating physician is entitled to great weight, we have also noted that such an opinion is not binding if contradicted by substantial evidence, id. at 927, and that a physician who sees a claimant only once does not constitute a treating physician for these purposes. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir.1983). The opinions of physicians who specialize in the practice area covering a claimant's alleged disability, moreover, are entitled to greater weight than the opinions of general practitioners regarding this same condition. See 20 C.F.R. Sec. 404.1527(d)(5); cf. Sherrill v. Secretary of Health and Human Services, 757 F.2d 803, 805 (6th Cir.1985) (finding that testimony of a physician who specialized in internal medicine did not rise to the level of substantial evidence establishing the nonexistence of claimant's psychiatric impairment).
 
 
 10
 Here, Hickey's treating cardiologist, Dr. Rawson, stated that Hickey's heart condition during the period in question could be classified as "cardiac status II," which results in only a slight limitation of physical activity and does not preclude the performance of ordinary, light, daily activities. Drs. Misra and Bryson, both of whom specialize in coronary or cardiovascular impairments, and Dr. White all similarly found that Hickey was capable of light work. As Hickey notes, Drs. Hall, Firestone, and Hartmann came to a different conclusion: that Hickey was limited to sedentary work. Notably, however, none of these latter doctors is a cardiologist. Moreover, the opinions of both Drs. Firestone and Hartmann were tentative, based upon a stated need for further evaluation, and appear to have been rendered after only one examination and without the benefit of the kind of objective studies (e.g. repeated exercise tolerance testing) utilized by Drs. White and Misra.
 
 
 11
 Given this evidence, and the standards above, we find that the Secretary did not err in giving greater weight to the opinions of the Social Security Administration's consulting physicians than to those of Drs. Hall, Firestone, and Hartmann. Furthermore, we find that there is substantial evidence to support the Secretary's determination that Hickey was not disabled prior to March 31, 1980.
 
 
 12
 Hickey's second contention is that the Secretary erred in failing to credit Hickey's testimony as to his functional limitations. In his report and recommendation, however, the magistrate judge explicitly agreed with the Secretary's finding that Hickey's testimony in this regard was not credible. Magistrate's Report and Recommendation at 22-3. Hickey, in turn, failed to object to this conclusion in his response to the report and recommendation. Accordingly, Hickey has failed to preserve this issue for appellate review. See Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Even if the Secretary's failure to credit Hickey's testimony were before this Court, furthermore, ample evidence in the record brings into doubt Hickey's subjective claims as to his physical condition. For example, although Hickey asserts that he was plagued by disabling shortness of breath prior to March 31, 1980, contemporaneous reports of repeated testing and examination revealed that Hickey's lungs and chest were clear, and without demonstrable abnormalities beyond a decrease in pulmonary capacity that Dr. Misra described as "very, very minimal." In light of the deference this Court accords to the Secretary's credibility determinations, the evidence in the record that conflicts with Hickey's subjective complaints, and inconsistencies within Hickey's own testimony as to his functional limitations, the Secretary did not err in finding Hickey's testimony regarding his physical condition not credible. See Hardaway, 823 F.2d at 928.
 
 
 13
 Hickey's final argument is that the Secretary erred in relying on a vocational expert's response to a hypothetical question, regarding Hickey's capacity to work, that did not factor in Hickey's claimed fatigue, dizziness, shortness of breath, anxiety, or high blood pressure. As we have noted, the Secretary did not err in failing to credit Hickey's testimony as to the existence of these symptoms. Accordingly, the Secretary also did not err in relying on the vocational expert's response to a hypothetical question regarding the jobs an individual in Hickey's physical condition could perform that did not include these symptoms. See Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir.1990) (stating that "[i]f the hypothetical question has support in the record, it need not reflect the claimant's unsubstantiated complaints").
 
 
 14
 For the foregoing reasons, the judgment of the district court is affirmed.