42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott CHANDLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-4213.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and COHN, District Judge*.
 PER CURIAM.
 
 
 1
 Scott Chandler appeals the district court judgment affirming the final decision of the Secretary of Health and Human Services denying his application for supplemental security income, 42 U.S.C. Sec. 1382 et seq. We affirm for the following reasons.
 
 
 2
 Chandler was twenty years old when he was denied Supplemental Security Income benefits. Although he attended school through the eighth grade, he could read very little. He testified that he did not write well, but was able to fill out an employment application. He had previously worked stocking shelves and on a production line, but only for a few weeks each. Chandler is single, lives with his parents, and has a one-year-old daughter whom he sees occasionally. Prior to his administrative hearing, Chandler claimed to cut the grass, take out the trash, vacuum his room, assemble models, and visit his grandmother, friends, and his girlfriend on a daily basis. He can drive a car, and works on cars and motor bikes.
 
 
 3
 At the hearing, Chandler testified that he spent most of the day sleeping and watching television. He admitted that he visited out-of-state relatives. He further testified that he did woodworking, as evidenced by his calloused hands, played cards and Nintendo, and either read or looked through car magazines.
 
 
 4
 A vocational expert also testified at the hearing. In response to a hypothetical question asked by the administrative law judge, the expert testified that a person such as Chandler could be expected to perform unskilled, entry level work; she gave examples of the type of jobs that would be appropriate, and said that there were at least 5,500 such jobs in the regional economy. The hypothetical question asked the expert to assume a person with Chandler's age, education, experience, residual functional capacity, and physical limitations.
 
 
 5
 Upon referral by the Ohio Bureau of Disability Determination, Chandler was evaluated by a psychologist, Dr. Jones, in January 1991. Chandler was not taking medication and denied receiving any mental health treatment in the past. But, Chandler said he was nervous and described his mental health as poor. Dr. Jones found that Chandler had adequate contact with reality, that his ability to manage daily living activities was fair, and that his judgment and reasoning were within the low average range.
 
 
 6
 Dr. Jones administered an IQ test to Chandler that indicated that he had a borderline range of intellectual functioning, an over-all IQ of 75. Chandler's reading comprehension was assessed at the fourth grade level, from which Dr. Jones concluded that he was functionally illiterate. Dr. Jones diagnosed borderline intellectual functioning and a developmental reading disorder. She stated that Chandler was able to follow simple directions, and his ability to concentrate and pay attention for normal employment was fair.
 
 
 7
 Two other psychologists reviewed Chandler's record. Dr. Melvin completed a Psychiatric Review Technique Form and a Mental Residual Functional Capacities Assessment. Dr. Melvin concluded that Chandler should not work with the public, but could adapt to a low-stress work environment. Dr. Paulacci completed the same assessments, and similarly concluded that Chandler was able to do low-stress, simple, repetitive tasks.
 
 
 8
 After the administrative law judge decided that he was not disabled, Chandler submitted additional evidence to the Appeals Council. He submitted Dr. Jones' responses to interrogatories. In these, Dr. Jones opined that Chandler's ability to adjust occupationally, personally, and socially was fair to non-existent. Despite the fact that the administrative law judge's decision was issued in May 1992 and the interrogatories were answered in September 1992, Dr. Jones referred to her January 1991 evaluation of Chandler to support her opinion. She did not reevaluate Chandler, and provided no explanation for her changed opinion of his abilities.
 
 
 9
 Chandler applied for Supplemental Security Income on October 9, 1990. He alleged that he became disabled in April 1986, as a result of injuries he sustained in an automobile accident two months earlier. His claimed disability was due to leg and back aches. Chandler's application was denied initially and upon reconsideration by the Social Security Administration. He then sought and received a hearing before an administrative law judge who reviewed his claim de novo, and also decided that Chandler was not disabled. Chandler's request for Appeals Council review of this decision was denied, making the administrative law judge's decision the final decision of the Secretary.
 
 
 10
 Chandler sought judicial review of the Secretary's decision in the district court pursuant to 42 U.S.C. Secs. 405(g) and 1383(c)(3). The issue was referred to a magistrate, who recommended that the Secretary's decision be affirmed. After a de novo review of the record, the district court adopted the magistrate's recommendation and affirmed the Secretary's decision. Chandler then filed this appeal.
 
 
 11
 Chandler challenges the district court's decision, claiming that there is not substantial evidence to support it. He claims that the court erred in evaluating his mental impairments, in relying on answers to hypothetical questions, and in determining the weight to be given examples set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2 Sec. 201.00(h).
 
 
 12
 We find that there is substantial evidence in the record as a whole to support the Secretary's decision that Chandler was not disabled. The term disability is defined by 42 U.S.C. Sec. 423(d)(1)(A) as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Additionally, 42 U.S.C. Sec. 423(d)(2)(A) provides:
 
 
 13
 An individual shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.
 
 
 14
 This Court "must affirm the Secretary's decision if it is based on this legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987). Substantial evidence, moreover, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. In deciding whether there is substantial evidence in the record, we may not review the evidence de novo, decide questions of credibility, or weigh the evidence. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989). "If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 286 (6th Cir.1994).
 
 
 15
 Chandler first claims that the district court erred in evaluating his mental impairments. However, Chandler does not dispute his physical ability to work. The administrative law judge found that Chandler had a borderline IQ and a developmental reading disorder, but could nonetheless perform simple, repetitive, low-stress work. Contrary to Chandler's assertion, Dr. Jones' report supports that finding. She did not suggest that Chandler was prevented from working because of his mental impairments. Chandler misreads this Court's decision in Sherrill v. Secretary of Health and Human Services, 757 F.2d 803, 804 (6th Cir.1985), to hold that the opinions of reviewing psychologists cannot amount to substantial evidence. This is incorrect; in Sherrill, we simply found that the testimony of that reviewing physician was too ambivalent to rise to the level of substantial evidence. Id.
 
 
 16
 Chandler also relies on responses Dr. Jones made to interrogatories in September 1992. However, these were submitted to the Appeals Council after the administrative law judge rendered his decision. We are confined to reviewing evidence that was available to the Secretary in determining whether the Secretary's decision is supported by substantial evidence. Wyatt v. Secretary of Health & Human Services, 974 F.2d 680, 685 (6th Cir.1992) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additional evidence submitted to the Appeals Council cannot be used to prove that the administrative law judge's decision was not supported by substantial evidence. Casey v. Secretary of Health & Human Services, 987 F.2d 1230 (6th Cir.1993). Because Chandler has made no showing that this is new and material evidence, or that good cause exists for why it was not submitted before the administrative law judge, we refuse to remand for consideration of these responses. 42 U.S.C. Sec. 405(g).
 
 
 17
 Chandler next claims that the court improperly relied on answers to a hypothetical question. He argues that the hypothetical asked the vocational expert to assume a person with Chandler's educational level, but did not define the person as functionally illiterate. He also claims error in that the question did not ask the expert to consider limitations set forth by Dr. Jones. "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question." Varley v. Secretary of Health & Human Services, 820 F.2d 777, 779 (6th Cir.1987). But, the hypothetical question must accurately portray the claimant's physical and mental impairments. Id. "If the hypothetical question has support in the record, it need not reflect the claimant's unsubstantiated complaints." Blacha v. Secretary of Health & Human Services, 927 F.2d 228, 231 (6th Cir.1990). Here, although the question made no specific reference to Chandler's borderline IQ, reading disorder, or illiteracy, the vocational expert was aware of these conditions due to Chandler's own testimony. Further, Chandler could have questioned the expert concerning the impact of these specific factors. We conclude that the administrative law judge's consideration of the hypothetical question posed and the vocational expert's response was appropriate.
 
 
 18
 Finally, as part of his argument, Chandler claims that his impairments equal those of two examples set out in the Social Security Regulations: one is of an illiterate claimant with an IQ of 78, and the other a claimant who lacks dexterity because his hand and arm are impaired. Chandler maintains that these examples are conclusive and binding on the administrative law judge, that they mandate finding such a claimant is disabled. Chandler's argument is the same as that set forth in Abbott v. Sullivan, 905 F.2d 918 (6th Cir.1990). As this Court found in Abbott, Section 201.00(h) does not require a finding of disability whenever a claimant's case presents analogous facts. Id. at 927.
 
 
 19
 For the foregoing reasons, we AFFIRM the decision of the district court.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation